FILED 08 MAY 20 11:19 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,    CR 07-178 RE

                Plaintiff,    OPINION AND ORDER

v.

DAVID AARON CHATMAN

                Defendant.

---

REDDEN, Judge:

    Defendant has been indicted on two counts of abusive sexual contact in violation of 18 USC § 2244. He now moves for a Special Requested Jury Instruction ( #34).

    18 USC § 2244(b) is found in Chapter 109A of Title 18. It provides in relevant part:

> Whoever...knowingly engages in sexual contact with another person without that other person's permission shall be fined under this title, imprisoned not more than six months[1], or both.

    Defendant asserts that the Ninth Circuit Model Jury Instruction 8.149 should be modified

---

[1] The punishment for this offense was apparently increased to two years in 2006.

1 - OPINION AND ORDER

as follows (modification in **bold**):

> The defendant is charged in [Count __ of] the indictment with abusive sexual contact in violation of Section 2244(b) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:
>
> First, the defendant knowingly had sexual contact with [victim];
>
> Second, the sexual contact was **knowingly** without [victim's] permission; and
>
> Third, the offense was committed [location stated in indictment].
>
> In this case, "sexual contact" means [sexual contact definition].

Defendant argues, apparently in the alternative, that the jury instruction should read:

> "Second, the defendant knew the sexual contact was without [victim's] permission."

## DISCUSSION

Defendant cites *Liparota v. United States,* 471 US 419 (1985), in which the Court found that the statute at issue was ambiguous as to which element a mental state applied. The statute provided that "whoever knowingly uses, transfers, acquires, alters, or possesses coupons or authorization cards in any manner not authorized by [the statute] or the regulations" is subject to fine and imprisonment. The trial court instructed the jury that, to find the defendant guilty, the government had to prove that "the Defendant acquired and possessed food stamp coupons for cash in a manner not authorized by federal statute or regulations" and that "the Defendant knowingly and wilfully acquired the food stamps." The Court reversed the conviction, construing the statute to require a showing that the defendant knew his conduct to be

unauthorized by statute or regulation. The Court found that the legislative history was silent, and determined that Congress intended by the use of the word "knowingly" to require some mental state with respect to some element of the crime, but was ambiguous as to which element the mental state applied.

Defendant argues that the statute at issue is indistinguishable from the statute at issue in *Liparota,* and that absent "indication of contrary purpose in the language or legislative history..." the mental state requirement should apply to all elements of the statute. Defendant notes that the *Liparota* Court stated that a contrary construction would criminalize a broad range of apparently innocent conduct.

Defendant argues that, in the present case, sexual contact with another person is, by itself, innocuous and not "inherently malign."

Finally, defendant points to a related statute, 18 USC § 2243, Sexual Abuse of a Minor, which became law as part of the same legislation as § 2244. The statute provides that the government need not prove that the defendant knew the age of the victim. Defendant argues that this proves that Congress knew how to eliminate mens rea from an element and chose not to do so in § 2244.

The government relies on *United States v. Ching Tang Lo,* 447 F3d 1212 (9th Cir 2006). The *Lo* defendant was charged with possession of ephedrine knowing it would be used to manufacture methamphetamine. On appeal, defendant argued that the district court erred in failing to include a jury instruction which would have required that the government prove that defendant actually knew that what he possessed was ephedrine. The Ninth Circuit rejected the argument that an additional *mens rea* requirement should be read into the statute. First, the court

3 - OPINION AND ORDER

noted that the statute at issue differed from the statute at issue in *Liparota* because it already contained an express *mens rea* requirement. Second, the court noted that the legislative history did not support such an addition, and third, the Ninth Circuit recognized that the intention of the statutory scheme was to expand criminal liability, rather than narrow it. *Lo,* 447 F3d at 1230-31.

Like the statute at issue in *Lo,* this statute contains two *mens rea* requirements: first, the government must prove that defendant "knowingly" had sexual contact with the victim. Second, the government must prove that defendant did so with the specific intent to "abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person."

The legislative history for the Sexual Abuse Act of 1986 supports the government's position that no specific *mens rea* requirement applies to the permission element. The House Report "modernizes and reforms Federal rape provisions by ...expanding the offenses to reach all forms of sexual abuse of another." HR Rep. 99-594, * 11. Legislative history indicates that Congress was aware of the *mens rea* requirements for the statutes under the Act:

> each offense set forth in HR 4745 describes (1) the conduct that is prohibited as well as any circumstance that must exist at the time of the conduct and any result that must attend the conduct; and (2) the state of mind that the defendant must have had. The offenses set forth in HR 4745 define completely what the prosecution must prove to establish its case. *Id.* at *13.

Other courts, examining this statutory scheme, have found that "Chapter 109A makes pellucidly clear that Congress intended to focus only on the defendant's conduct and explicitly rejected state of mind inquiries as immaterial to the offense conduct criminalized by this Chapter." *United States v. Jennings,* 438 FSupp2d 637, 645 (E.D. Va. 2006). The *Jennings* court found that, insofar as the government's *prima facie* case under Chapter 109A is concerned,

Congress intended to render the defendant's state of mind immaterial. *Id.*

The statute is not ambiguous, and legislative history indicates that Congress intended that the government need not prove that a defendant knew he did not have permission for sexual contact. The defendant's Motion for Special Requested Jury Instruction ( #34) is denied.

IT IS SO ORDERED.

Dated this 20 day of May, 2008.

_____
James A. Redden
United States District Judge

5 - OPINION AND ORDER